FILED
MARCH 10, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STRUCTURAL IRON WORKERS LOCAL UNION NO. 1 PENSION TRUST FUND and STEVE M. BUKOVAC, Administrator of the Fund Disbursement Office,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>METCO CONSTRUCTION, INC.,<br><br>　　　　Defendant. | **08 C 1421**<br><br>Case No.<br><br>**JUDGE HART**<br>**MAGISTRATE JUDGE COX** |

**COMPLAINT**

Plaintiffs, STRUCTURAL IRON WORKERS LOCAL UNION NO. 1 PENSION TRUST FUND (the "Pension Fund") and STEVE M. BUKOVAC ("Bukovac"), Administrator of the Fund Disbursement Office, by and through their attorneys, Hogan Marren, Ltd., as their Complaint against Defendant, ADVANCE IRON WORKS CORP. ("Defendant"), state as follows:

1. This action is brought under the provisions of Sections 502 (a)(3), (g)(2), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (g) (2), and 1145.

2. Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (e)(2), and Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947, as amended, 29 U.S.C. 185(a) and 28 U.S.C. § 1131.

3. Venue is proper in this District pursuant to Section 502(3)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

4. The Structural Iron Workers, Local Union No. 1 Pension Trust Fund, the Structural Iron Workers, Local Union No. 1 Welfare Fund, the Structural Iron Workers Local Union No. 1 Annuity Fund, the Mid-America Pension Fund, the Apprenticeship Training and Journeyman's Retraining Fund, the National I.W. Apprenticeship Fund and the Local No. 1 Scholarship Fund (collectively "the Funds") have been established pursuant to collective bargaining agreements heretofore entered into between Local Union No. 1 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO ("Iron Workers, Local 1" or "Union") and the Associated Steel Erectors of Chicago, Illinois (the "Principal Agreement"). The Union is a labor organization within the meaning of 29 U.S.C. § 185(a).

5. The Funds are either employee welfare benefit plans or employer pension benefit plans within the meaning of Sections 3(1), 3(2)(A) and 3(3) of ERISA, 29 U.S. §§ 1002(1), (2)(A) and (3).

6. The Funds are multi-employer benefit plans within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. 1002(3) and 1002(37)(A).

7. The Funds are maintained in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, 29 U.S.C. § 186(c)(5), ERISA and other applicable federal law. The Funds are administered pursuant to the terms and provisions of certain Agreements and Declaration of Trust ("Trust Agreements").

8. The Pension Fund, also known as the Fund Disbursement Office, has standing to sue pursuant to 29 U.S.C. § 1132(d)(1).

9. The Pension Fund, also known as the Fund Disbursement Office, is the authorized collection agent under the Principal Agreement for contributions and deductions to the Funds required under the Principal Agreement.

10. Bukovac is the Administrator of the Fund Disbursement Office and authorized under the Principal Agreement and the Trust Agreements to institute legal proceedings necessary to enforce compliance with the provisions of those agreements relating to contributions and deductions. With respect to such matters, Bukovac is a fiduciary of the Pension Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

11. The Fund Disbursement Office is located at 7700 Industrial Drive, Forest Park, Illinois. The Funds conduct business and administer the Plans within the District.

12. As provided in the Trust Agreements, Plaintiffs are required to receive, hold and manage all monies required to be contributed to the Funds in accordance with the provisions of the Principal Agreement and for the uses and purposes set forth in the Trust Agreements.

13. Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 3719 S. East Avenue, Berwyn, Illinois.

14. On September 5, 1978, Defendant signed a Compliance Agreement, agreeing to be bound to a collective bargaining agreement with Iron Workers Local 1, binding Defendant to the terms and conditions of the Principal Agreement. A copy of that Compliance Agreement is attached hereto as Exhibit A.

15. Defendant employs or has employed persons represented for collective bargaining purposes by the Union. Defendant agreed to be bound by the collective bargaining agreement referred to herein, the terms of which required Defendant to contribute to the Funds.

16. Defendant is required by the Principal Agreement and Trust Agreements to submit to audits by Plaintiff to determine the accuracy of Defendant's contributions to the Funds.

17. Since April 14, 2006, Plaintiffs, through their accountants, have requested Defendant to submit to an audit to determine whether Defendant is making the required contributions to the Funds, but Defendant has failed to respond to repeated requests by the accountants to provide for the examination of the Defendant's books and related records necessary to complete the scheduled audit.

18. As a result of the above-described breach of the collective bargaining agreement by Defendant, Plaintiffs may be required to (a) deny the employee beneficiaries for whom contributions have not been made by the Defendant the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage or (b) to provide to employees of Defendant the benefits provided under the benefit plan, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Funds and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

19. Plaintiffs, on their behalf and on behalf of all employees for whose benefit the Funds were established, have requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged.

20. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Principal Agreement and the Trust Agreements, and is restrained from continuing to refuse to perform as required therein.

21. Pursuant to the Compliance Agreement, the Principal Agreement and the Trust Agreements, Defendant is obligated to pay the costs of any audit conducted by the Fund Disbursement Office and the legal fees incurred by the Administrator to initiate and prosecute the proceedings necessary to enforce compliance with these provisions.

22. Defendant's failure to submit to an audit by Plaintiffs is a violation of the Compliance Agreement, the Principal Agreement and the Trust Agreements. Plaintiffs, therefore, seek enforcement of these provisions pursuant to Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132 (g)(2)(E) and Section 301(a) of the LMRA, as amended, 29 U.S.C., Section 185(a).

**WHEREFORE**, Plaintiffs prays:

(a) That judgment be entered in favor of Plaintiffs and against Defendant, finding that Defendant is required to submit to an audit of its records by Plaintiffs;

(b) That Defendant be compelled to submit to a complete audit of its records for the period January 1, 2002 to the present by Plaintiffs to determine whether Defendant has performed its obligation to make required contributions to the Funds in accordance with the applicable provisions of the Principal Agreement and the Trust Agreements;

(c) That a judgment for delinquent contributions, interest, liquidated damages and audit fees found to be due and owing from January 1, 2002 through the present, be entered against Defendant;

(d) That Plaintiffs be awarded their costs, including reasonable attorneys' fees incurred in the prosecution of this action as provided in the Principal Agreement,

the Trust Agreements, and under the applicable provisions of ERISA, as amended, including 29 U.S.C. § 1132(g)(2)(D); and,

(e) For such other legal or equitable relief as the Court deems appropriate.

> STRUCTURAL IRON WORKERS LOCAL
> UNION NO. 1 PENSION TRUST FUND and
> STEVE M. BUKOVAC, Administrator of the
> Fund Disbursement Office, Plaintiffs
>
> By: _____
> One of Their Attorneys

Patrick E. Deady
J. Michael Tecson
Evan J. Haim
HOGAN MARREN, LTD.
180 N. Wacker Drive, Suite 600
Chicago, IL 60606
312-946-1800

FRANK PAULET,
FINANCIAL SECRETARY-TREASURER
MICHAEL J. HERATY,
RECORDING SECRETARY

WILLIAM F. TOOMEY,
PRESIDENT AND BUSINESS AGENT
PHILIP J. ROSENBACH,
VICE PRESIDENT

DAN PASQUALE, BUSINESS AGENT
RONALD POLK, BUSINESS AGENT
RAY RUDDY, BUSINESS AGENT

# BRIDGE AND STRUCTURAL IRON WORKERS
### LOCAL UNION No. 1
*of*
*International Association of Bridge, Structural and Ornamental Iron Workers*
AFFILIATED WITH AFL-CIO

4427 HARRISON STREET
HILLSIDE, ILLINOIS 60162
CHICAGO PHONE 921-2030
HILLSIDE PHONE 449-0550

ORGANIZED JUNE 1896
REORGANIZED OCTOBER 1892

MEETS 2ND AND 4TH MONDAY
OF EACH MONTH

COMPLIANCE AGREEMENT   Metco Construction

This Agreement is made by and between  Metco Co
_____ ,  3719 So East Ave
[Company]                            [Address]   Berwyn

hereinafter called "Employer", and Local Union No. One, International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO, hereinafter called "Union".

1. The Employer agrees to adopt, abide by and be bound by (a) all the terms and provisions of the Collective Bargaining Agreement (hereinafter called the "Principal Agreement") entered into by and between the Union and the Associated Steel Erectors of Chicago (hereinafter called the "Association"), and (b) all matters relating to wages, hours, benefits, terms and conditions of employment set forth in the Principal Agreement with the same force and effect as though the Employer were a signatory to the Principal Agreement and as though the Principal Agreement were fully set forth herein; and the Employer also agrees to adopt, abide by and be bound by all extensions, renewals, modifications and amendments of the Principal Agreement and all Agreements subsequent to the Principal Agreement between the Association and the Union; provided, additionally, that if the Principal Agreement, any extension, renewal, modification, amendment thereof, or any subsequent Agreement is, or will be, modified or amended by Court Decree, N.L.R.B. Order, or other legal authority, the Employer agrees to adopt, abide by and be bound by such modification or amendment.

9-8-78
9-5-78

Exhibit A

Bridge and Structural Iron Workers, Local Union No. 1

2. The Employer agrees to become a party to and be bound by all the terms and provisions of:

(a) The Agreement and Declaration of Trust dated March 1, 1951 and all present and subsequent amendments thereto of the Structural Iron Workers Local No. One Welfare Fund;

(b) The Agreement and Declaration of Trust dated January 30, 1957 and all present and subsequent amendments thereto of the Iron Workers' Mid-America Pension Plan and and the Agreement and Declaration of Trust dated August 24, 1966 and all present and subsequent amendments thereto of the Structural Iron Workers' Local No. One Pension Trust Fund;

(c) The Agreement and Declaration of Trust dated August 4, 1958 and all present and subsequent amendments thereto of the Iron Workers' Local No. One Apprentice Training Program Trust;

(d) The Agreement and Declaration of Trust and all present and subsequent amendments thereto of the Structural Iron Workers' Local No. One Annuity Trust Fund;

(e) The Agreement and Declaration of Trust and all present and subsequent amendments thereto of the Structural Iron Workers' Local No. One Industry Promotional Fund;

with the same force and effect as though the Agreements and Declarations of Trust referred to above in (a), (b), (c), (d) and (e) were set forth herein and as though the Employer originally signed the said Agreements and Declarations of Trust and amendments; and the Employer agrees to make payments covering all employees represented by Local Union No. One to the said Plans as required by the Collective Bargaining Agreement (Principal Agreement), extentions and renewals thereof, and any modifications or amendments thereto, and the Agreements and Declarations of Trust of the aforesaid Plans. The Employer hereby authorizes the Employer Trustees names in the aforesaid respective Agreements and Declarations of Trust and their successors to act for and on his behalf.

- two - 9-8-78

3. This Compliance Agreement shall remain in full force and effect until June 1, 1978, and from year to year thereafter, provided, however, that this Compliance Agreement may be terminated on June 1, 1978, or on June 1 of any year thereafter by either party upon written notice to the other at least sixty (60) days prior to June 1, 1978 or prior to June 1 of any year thereafter.

DATED: Sept 5 1978     ACCEPTED: Sept 5-1978

Metco Construction
[Name of Company]

By: Mik Rivera
[Title of Office]

3719 So. East Ave
[Street Address]
Berwyn    ILL    60402
[City]    [State]    [Zip]
GU-4-4499
[Phone Number]
484-4499

LOCAL UNION NO. ONE
INTERNATIONAL ASSOCIATION OF
BRIDGE, STRUCTURAL AND
ORNAMENTAL IRON WORKERS,
AFL - CIO

By: Ray Ruddy
B.A.
[Title of Office]

Copy sent to Paul Disbursement
Office 9-8-78

Three