IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STRUCTURAL IRON WORKERS ) <br> LOCAL UNION NO. 1 PENSION TRUST ) <br> FUND and STEVE M. BUKOVAC, ) <br> Administrator of the Fund Disbursement Office, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> METCO CONSTRUCTION, INC., ) <br> ) <br> Defendant. ) | Case No.: 08 C 1421 <br><br> Honorable Judge Hart <br><br> Magistrate Judge Cox |

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, METCO CONSTRUCTION, INC., by its attorneys, Allocco, Miller & Cahill, P.C., answer Plaintiffs' complaint as follows:

1.  This action is brought under the provisions of Sections 502 (a)(3), (g)(2), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (g)(2), and 1145.

    **ANSWER:** Defendant admits the allegations in Paragraph 1.

2.  Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (e)(2), and Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947, as amended, 29 U.S.C. 185(a) and 28 U.S.C. § 1131.

    **ANSWER:** Defendant admits the allegations in Paragraph 2.

3.  Venue is proper in this District pursuant to Section 502(3)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

    **ANSWER:** Defendant admits the allegations in Paragraph 3.

4. The Structural Iron Workers, Local Union No. 1 Pension Trust Fund, the Structural Iron Workers, Local Union No. I Welfare Fund, the Structural Iron Workers Local Union No. 1 Annuity Fund, the Mid-America Pension Fund, the Apprenticeship Training and Journeyman's Retraining Fund, the National I.W. Apprenticeship Fund and the Local No. I Scholarship Fund (collectively "the Funds") have been established pursuant to collective bargaining agreements heretofore entered into between Local Union No. 1 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO ("Iron Workers, Local 1" or "Union") and the Associated Steel Erectors of Chicago, Illinois (the "Principal Agreement"). The Union is a labor organization within the meaning of 29 U.S.C. § 185(a).

**ANSWER:** Defendant admits the allegations in Paragraph 4.

5. The Funds are either employee welfare benefit plans or employer pension benefit plans within the meaning of Sections 3(1), 3(2)(A) and 3(3) of ERISA, 29 U.S. §§ 1002(1), (2)(A) and (3).

**ANSWER:** Defendant admits the allegations in Paragraph 5.

6. The Funds are multi-employer benefit plans within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. 1002(3) and 1002(37)(A).

**ANSWER:** Defendant _____ the allegations in Paragraph 6.

7. The Funds are maintained in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, 29 U.S.C. § 186(c)(5), ERISA and other applicable federal law. The Funds are administered pursuant to the terms and provisions of certain Agreements and Declaration of Trust ("Trust Agreements").

**ANSWER:** Defendant admits the allegations in Paragraph 7.

8.  The Pension Fund, also known as the Fund Disbursement Office, has standing to sue pursuant to 29 U.S.C. § 1132(d)(1).

**ANSWER:**  Defendant admits the allegations in Paragraph 8.

9.  The Pension Fund, also known as the Fund Disbursement Office, is the authorized collection agent under the Principal Agreement for contributions and deductions to the Funds required under the Principal Agreement.

**ANSWER:**  Defendant admits the allegations in Paragraph 9.

10.  Bukovac is the Administrator of the Fund Disbursement Office and authorized under the Principal Agreement and the Trust Agreements to institute legal proceedings necessary to enforce compliance with the provisions of those agreements relating to contributions and deductions. With respect to such matters, Bukovac is a fiduciary of the Pension Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

**ANSWER:**  Defendant admits the allegations in Paragraph 10.

11.  The Fund Disbursement Office is located at 7700 Industrial Drive, Forest Park, Illinois. The Funds conduct business and administer the Plans within the District.

**ANSWER:**  Defendant admits the allegations in Paragraph 11.

12.  As provided in the Trust Agreements, Plaintiffs are required to receive, hold and manage all monies required to be contributed to the Funds- in accordance with the provisions of the Principal Agreement and for the uses and purposes set forth in the Trust Agreements.

**ANSWER:**  Defendant admits the allegations in Paragraph 12.

13.  Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 3719 S. East Avenue, Berwyn, Illinois.

**ANSWER:**  Defendant denies the allegations in Paragraph 13.

14.     On September 5, 1978, Defendant signed a Compliance Agreement, agreeing to be bound to a collective bargaining agreement with Iron Workers Local 1, binding Defendant to the terms and conditions of the Principal Agreement. A copy of that Compliance Agreement is attached hereto as Exhibit A.

**ANSWER:**  Defendant admits the allegations in Paragraph 14.

15.     Defendant employs or has employed persons represented for collective bargaining purposes by the Union. Defendant agreed to be bound by the collective bargaining agreement referred to herein, the terms of which required Defendant to contribute to the Funds.

**ANSWER:**  Defendant admits the allegations in Paragraph 15.

16.     Defendant is required by the Principal Agreement and Trust Agreements to submit to audits by Plaintiff to determine the accuracy of Defendant's contributions to the Funds.

**ANSWER:**  Defendant admits the allegations in Paragraph 16.

17.     Since April 14, 2006, Plaintiffs, through their accountants, have requested Defendant to submit to an audit to determine whether Defendant is making the required contributions to the Funds, but Defendant has failed to respond to repeated requests by the accountants to provide for the examination of the Defendant's books and related records necessary to complete the scheduled audit.

**ANSWER:**  Defendant denies the allegations in Paragraph 17.

18.     As a result of the above-described breach of the collective bargaining agreement by Defendant, Plaintiffs may be required to (a) deny the employee beneficiaries for whom contributions have not been made by the Defendant the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage or (b) to provide to employees of Defendant the benefits provided under the benefit plan, notwithstanding

Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Funds and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

**ANSWER:**  Defendant denies the allegations in Paragraph 18.

19. Plaintiffs, on their behalf and on behalf of all employees for whose benefit the Funds were established, have requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged.

**ANSWER:**  Defendant denies the allegations in Paragraph 19.

20. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Principal Agreement and the Trust Agreements, and is restrained from continuing to refuse to perform as required therein.

**ANSWER:**  Defendant denies the allegations in Paragraph 20.

21. Pursuant to the Compliance Agreement, the Principal Agreement and the Trust Agreements, Defendant is obligated to pay the costs of any audit conducted by the Fund Disbursement Office and the legal fees incurred by the Administrator to initiate and prosecute the proceedings necessary to enforce compliance with these provisions.

**ANSWER:**  Defendant admits the allegations in Paragraph 21.

22. Defendant's failure to submit to an audit by Plaintiffs is a violation of the Compliance Agreement, the Principal Agreement and the Trust Agreements. Plaintiffs, therefore, seek enforcement of these provisions pursuant to Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132 (g)(2)(E) and Section 301(a) of the LMRA, as amended, 29 U.S.C., Section 185(a).

**ANSWER:**  Defendant denies the allegations in Paragraph 22.

METCO CONSTRUCTION, INC.


        /s/ Todd A. Miller
One of Defendant's attorneys


Todd A. Miller
Kathleen M. Cahill
Allocco, Miller & Cahill, P.C.
3409 N. Paulina Street
Chicago, Illinois 60657
(773) 868-4841

**CERTIFICATE OF SERVICE**

The undersigned, an attorney of record, hereby certifies that she electronically filed the attached, Answer to Plaintiffs' Amended Complaint, with the Clerk of the Court using the CM/ECF system on or before the hour of 5:00 p.m. this 10th day of July, 2008, which will send notice of such filings to the following:

Evan J. Haim
Hogan Marren, Ltd.
180 N. Wacker Drive, Suite 600
Chicago, Illinois 60606

    /s/ Todd A. Miller
One of Defendant's attorneys

Todd A. Miller
Kathleen M. Cahill
Allocco, Miller & Cahill, P.C.
3409 North Paulina Street
Chicago, Illinois 60657
(773) 868-4841